Ward Merdes
Merdes Law Office, P.C.
P.O. Box 71309
Fairbanks, AK 99707
Phone: 907-452-5400 / Fax: 907-452-8879
E-mail: ward@merdes.com
AK Bar No. 8906027

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GERALD A. OWNBY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Civil Action No.: |

### FTCA COMPLAINT FOR DAMAGES

Plaintiff Gerald A. Ownby ("Ownby"), by and through his attorneys, Merdes Law Office, P.C. alleges against the United States of America (US) as follows:

PARTIES AND JURISDICTION

1. Ownby submits to this Court's full subject matter and personal jurisdiction;

2. This Court has Jurisdiction pursuant to 28 U.S.C. § 1346(b). The US Government accepts this Court's personal and subject matter jurisdiction pursuant to the 1948 Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*;

3. Venue is proper pursuant to 28 U.S.C. § 1391 *et seq.*;

4. Ownby timely filed a Form 95 with the US Government. [**Ex. 1**: 1/9/15 Form 95]. On 1/22/15, the US Government acknowledged receipt of this claim but has taken no further action. [**Ex. 2**: 1/22/15 Dept. of Army Letter]. This matter is thus ripe for adjudication pursuant to 28 U.S.C. § 2675(a);

5. All conditions incident to Ownby's right to bring and maintain this action have occurred or been waived by the party to whom the benefit of such condition flows;

FACTS PLEAD WITH PARTICULARITY

6. On or about 01/21/13 @ 1000 hours, Doyon/Alyeska security guard Ownby was a restrained driver of a 2012 Chevrolet pickup, headed toward Fairbanks on the Richardson Highway at 45 MPH, approaching Jack Warren Rd. On-coming was Steve Booth, stopped, waiting for Ownby to pass before turning left onto Jack Warren Rd. Behind Booth was an on-coming US Army Stryker Convoy;

7. The first vehicle in the US Army Stryker Convoy failed to stop for Booth, struck Booth's vehicle and landed on the vehicle driven by Ownby;

8. Ownby suffered numerous related physical insults, including without limit bilateral dislocation of his thumbs on the steering wheel;

9. The police determined that Ownby was restrained at the time of impact and complained of pain immediately after this 01/21/13 motor vehicle crash;

10. At all relevant times, Ownby's actions were reasonable and prudent;

11. Ownby has mitigated his damages as required by law;

12. Ownby has undergone multiple surgeries to repair related injuries;

13. Ownby's related medical bills amount to $54,062.66. [**Ex. 3**: ER 1006 Medical *Billing* Summary];

14. Ownby's **Ex. 3** ER 1006 Medical *Billing* Summary thru 10/22/15 is admissible. He anticipates additional billing;

15. All medical *treatment* records provided to the US in support of Ownby's 1/9/15 Form 95 are Authentic and subject to one or more Hearsay exception(s);

16. Treatment provided to Gerald A. Ownby by health care providers has at all times been *reasonable* for injuries complained of after this 01/21/13 incident;

17. Treatment provided to Gerald A. Ownby by health care providers has at all times been *necessary* for injuries complained of after this 01/21/13 incident;

18. Treatment provided to Gerald A. Ownby by health care providers has at all times been *within the standard of care* for injuries complained of after this 01/21/13 incident;

19. No person or entity not presently identified in the caption of this matter is responsible for any damages sought by Ownby under AS 09.17.080 or otherwise;

## CAUSES OF ACTION

20. [Negligence] On or about 01/21/13, a culpable agent for the US Government was a substantial factor in negligently injuring Ownby in an amount to be decided by this Court;

21. [Negligence *Per Se*] On or about 01/21/13 a culpable agent for the US Government violated rules, regulations, codes and/or statutes designed to protect persons such as Ownby from the type of harm he suffered herein and there is no excuse for such violations. These rule include, without limit 13 AAC 02.065 Overtaking a vehicle on the left - limitations; 13 AAC 02.090 Following too closely; and 13 AAC 02.545 Drivers to exercise care. See also *Greene v. Plutt*, 790 P.2d 1347, 1349 (Alaska 1990): "We can perceive of no explanation for the accident which does not include negligence on [his] part." *Id.*

//

//

*Ownby v. US*
FTCA Complaint For Damages
Page -3-
Case 4:16-cv-00002-HRH   Document 1   Filed 01/14/16   Page 3 of 4

## DAMAGES

22. Injuries/aggravations to Ownby caused by the 01/21/13 car wreck have resulted in AS 09.17.010 past and future permanent impairment, including without limit economic and non-economic losses embracing pain, suffering, inconvenience, physical impairment, disfigurement, loss of enjoyment of life, loss of consortium, and other non-pecuniary damage [**Ex. 4**: Thumb Disfigurement Photos];

23. [AS 09.17.010(c)] As a direct and proximate result of the conduct complained of herein, Ownby suffered "severe permanent physical impairment or severe disfigurement" within the meaning of AS 09.17.010(c);

24. As a direct and proximate result of the conduct complained of herein, Ownby's existing conditions were aggravated. The burden of proof for such aggravation should be carried by the US pursuant to *LaMoureaux v. TOTE, Inc.*, 632 P.2d 539 (Alaska 1981); and *Tolan v. ERA Helicopters, Inc.*, 699 P. 2d 1265 (Alaska 1985);

WHEREFORE Ownby prays for judgment against the US Government for his general and special damages, including without limit, past and future: (1) medical bills; (2) lost wages; and (3) pain, suffering, inconvenience and disability, along with such cost and fees as the Court deems just.

DATED this 8th day of January, 2016.

        MERDES LAW OFFICE, P.C.

      By: s/ Ward Merdes
         Attorneys for Plaintiff, Gerald A. Ownby